5283.

(Court of Appeal, Parish of Orleans.)

## J. W. ENRIGHT IRON WORKS vs. M. MILLS.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "E."

J. C. Hollingsworth, for plaintiff and appellant.

J. Zach Spearing, for defendant and appellee.

DUFOUR, J.—The plaintiff sues to recover a balance alleged to be due under the following contract;

"Received from M. Mills & Co., on account $200 for one 12 H. P. second hand Standard engine, in good running order, equipment includes propeller, propeller shaft, stuffing box, stearn bearing, clutch, oil cups and carburator. The price of the engine is $400, balance to be paid when engine is completed and in running order."

The defendant knew nothing about engines and had not seen or inspected it at the time the contract was entered into, he relied on the representations of the plaintiff who was a practical machinist and who was informed that the machine was to be placed in a boat used by defendant in his oyster carrying business.

He resists payment of the amount claimed and asks to be reimbursed his original payment and incidental expenses on the ground that the engine did not work properly as guaranteed, and he was compelled to buy a new one.

There is evidence to show that this engine worked

properly in the shop and also in the boat when it was moored at the canal bank, but it is also shown that when trial trips were made, the engine did not develop the guaranteed horse power and broke down several times.

The purpose of the contract was to secure an engine that would propel a boat and not one that would work well in the shop or on the bank.

Plaintiff attributes the occurrence to the fact that in the opinion of one of his witnesses, the engine was installed out of alignment, which caused undue friction resulting in the heating of the bearings.

The defendant's witnesses who attended to the installation asserts that the alignment was proper.

It is admitted that if Cruth, who installed defendant's new engine in the boat, were present, he would swear "that he did it on the same bed or foundation upon which the old engine rested without any change at all in the foundation; that the alignment of the shafting of the new engine is the same as that of the old, and that the alignment of the new is perfect, there being no change in the alignment between the new and the old, and that he used the new bearings and new shafting that came with the new engine."

We are forced to the conclusion that the defendant should be relieved of the obligations of his contract and is entitled to recover the amount already paid with incidental expenses allowed by the Court.

Judgment affirmed.

December 18th, 1911.

Rehearing refused, January 22, 1912.